In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00346-CV**
_____

**IN RE UNITED WATER RESTORATION GROUP OF GREATER HOUSTON AND UNITED FRANCHISE HOLDINGS, LLC**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 21-04-05449-CV**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus Relators United Water Restoration Group of Greater Houston and United Franchise Holdings, LLC seek to compel the Assigned Presiding Judge to declare void all orders signed in Trial Cause Number 21-04-05449-CV by the Judge of the 457th District Court, who voluntarily recused himself on September 28, 2022, two days after Relators filed a motion to disqualify the judge.

Relators contend the former judge was required sua sponte to disqualify himself because a lawyer with whom the judge previously practiced law served as a

1

lawyer in the matter in controversy during such association as a lawyer concerning the matter. *See* Tex. R. Civ. P. 18b(a)(1) ("A judge must disqualify in any proceeding in which: (1) the judge has served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter[.]"). They ask for mandamus relief compelling the Assigned Presiding Judge to vacate and expunge from the trial court record: (1) a docket control order signed June 18, 2021; (2) an order granting an agreed motion to appoint a guardian ad litem for the minor children signed October 17, 2021; (3) an order granting a motion to set a new trial date signed March 1, 2022; (4) a docket control order signed March 1, 2022; (5) an order overruling the special appearance of United Franchise Holdings, LLC, signed April 6, 2022; (6) an order denying defendants' first motion for continuance and request for entry of a new docket control order signed September 20, 2022; and (7) an order denying defendants' motion to designate a responsible third party signed September 20, 2022.

In response to the mandamus petition, the Real Parties in Interest, Wesley Jones and Lindsey Jones, Individually and as Next of Kin of three minors, note that the Assigned Presiding Judge held a hearing on Relators' motion for continuance and request for a new docket control order, and on October 27, 2022 signed an order that reset the trial date to April 10, 2023 and retained the applicable deadlines established under the previous docket control order. They claim that Relators neither

2

directly addressed their demand to vacate the recused judge's orders in the hearing nor followed up with a specific motion to vacate the orders. The Joneses argue that vacating the prior orders will not affect the operative scheduling order of the Assigned Presiding Judge. The Joneses also claim the Assigned Presiding Judge denied Relators' attempt to designate a responsible third party.

The issue presently before us is not whether a disqualified judge signed void orders in Trial Cause Number 21-04-05449-CV. That judge is not the respondent in this mandamus proceeding. Rather, the issue presently before us is whether the Assigned Presiding Judge abused his discretion by failing to sign an order vacating seven orders signed by a disqualified judge. Relators have not established that they asked the respondent judge to vacate the orders, nor have they shown that they have been harmed by the respondent's failure to vacate the orders sua sponte. It appears that five of those orders have been replaced by new orders by a judge who is not disqualified, and Relators have not shown that they asked the Assigned Presiding Judge to rule on the agreed motion to appoint a guardian ad litem and the special appearance of United Franchise Holdings, LLC because the orders presently on file were signed by a disqualified judge.

The relators have the burden of providing this Court with a sufficient record to establish their right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Under these circumstances, Relators have failed to

establish a right to the extraordinary relief sought in the mandamus petition. We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 14, 2022
Opinion Delivered December 8, 2022

Before Golemon, C.J., Kreger and Horton, JJ.